**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br>         Plaintiff-Appellee, <br><br> v. <br><br> THOMAS VILLWOCK, individually, and as an officer of Neovi, Inc., <br><br>         Defendant-Appellant, <br><br>  and <br><br> NEOVI, INC., DBA Neovi Data Corporation, DBA Qchex.com, <br><br>         Defendant, <br><br> G7 PRODUCTIVITY SYSTEMS, INC., DBA Qchex.com; JAMES M. DANFORTH, individually, and as an officer of Neovi, Inc. and G7 Productivity Systems, Inc., <br><br>         Defendants. | No.  15-56730 <br><br> D.C. No. <br> 3:06-cv-01952-JLS-JMA <br><br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court

---

      <sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted October 5, 2017[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[***] District Judge.

Appellee Federal Trade Commission (FTC) brought an action against Appellant Thomas Villwock (Villwock) and his companies because his website sold a form of software that was easily exploited to create checks to fraudulently remove funds from bank accounts. *See F.T.C. v. Neovi, Inc.*, 604 F.3d 1150, 1153-54, 1157 (9th Cir. 2010), *as amended*. The district court entered a permanent injunction mandating various identity and account verification procedures to prevent any future facilitation of fraud. Villwock appeals the district court's contempt order and order imposing sanctions premised on his failure to implement the verification procedures delineated in the final order. Villwock asserts that he substantially complied with the district court's order to the extent it was possible, and that the sanctions were unreasonable.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1.     The district court made the requisite factual findings that Villwock repeatedly failed to abide by the requirements of its orders.  *See Hilao v. Estate of Marcos*, 103 F.3d 762, 765 (9th Cir. 1996).  The district court's adoption of the FTC's proposed order does not undermine the conclusion that the district court's underlying factual findings were supported by the record.  *See F.T.C. v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1215 (9th Cir. 2004), *as amended* (explaining that "verbatim adoption of a prevailing party's proposed findings is not automatically objectionable if the findings are supported by the record") (citation omitted).

2.     The district court did not clearly err in rejecting Villwock's assertion that it was impossible for him to comply with the district court's orders.  *See F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) (placing the burden of production on "the party asserting the impossibility defense").  The district court detailed acceptable forms of compliance, and emphasized that Villwock always had the option of utilizing a monitor approved by the FTC.  Villwock failed to satisfy his burden of producing evidence that it was impossible to comply with the final order, or that it was vague and overbroad.  *See id.*

3.     The contempt order was supported by clear and convincing evidence of noncompliance.  *See Inst. of Cetacean Research v. Sea Shepherd Conservation*

3

*Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (setting forth the "clear and convincing evidence" standard) (citation and internal quotation marks omitted). The district court entered its contempt order after reviewing extensive testimony, depositions, and exhibits. Villwock does not point to any hearsay statements or other evidence undermining the district court's findings. Based on the record and its findings, the district court properly determined that Villwock continued to create check delivery systems in defiance of the district court's orders.

4.    The district court did not err in concluding that Villwock failed to substantially comply with the identity and account verification procedures required by the final order. Villwock continued to market software that did not comply with the district court's orders, and did not utilize software upgrades, as recommended by the district court, to bring older versions of check delivery software into compliance. Villwock also conceded that he had "discontinued any efforts" to comply with the verification procedures.

5.    Villwock posits that the contempt order should be vacated for public policy reasons because the order infringes consumer rights. However, Villwock failed to establish that consumers' rights to utilize his software outweigh the consumer fraud protections in the district court's orders. *See F.T.C. v. EDebitPay, LLC*, 695 F.3d 938, 945 (9th Cir. 2012) (affirming contempt order in favor of FTC

based on the district court's "broad authority under the Federal Trade Commission Act to grant any relief necessary to accomplish complete justice") (citation and internal quotation marks omitted).

**6.** The district court did not abuse its discretion in imposing sanctions based on its contempt order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (applying abuse of discretion standard to sanctions order). In its 2012 contempt order, the district court determined that a fine of $100,000 per day was warranted "to attempt restitution for consumer losses." The district court re-imposed this fine in its 2015 sanctions order. The district court's order imposing compensatory sanctions was supported by the record and Villwock articulates no error compelling reversal. During the course of this extensive litigation, the district court was presented with ample evidence of losses to consumers based on Villwock's failure to comply with the final order, thereby justifying the amount of the fine. *See Ahearn v. Int'l Longshore & Warehouse Union*, 721 F.3d 1122, 1130 (9th Cir. 2013) (approving compensatory fines).

**AFFIRMED.**